DAVID TYKULSKER, ESQ. (2609)
DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, New Jersey 07042
(973) 509-9292
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NEW JERSEY WORK ENVIRONMENT COUNCIL and LOCAL 877, INTER-NATIONAL BROTHERHOOD OF TEAMSTERS, | : : | Case No. |
| Plaintiffs, | : | Civil Action |
| v. | : | **COMPLAINT** |
| STATE EMERGENCY RESPONSE COMMISSION, | : | |
| Defendant, and | : | |
| CITY OF LINDEN and its LOCAL EMER-GENCY PLANNING COMMITTEE, | : | |
| RULE 19 Defendant. | : : | |

## INTRODUCTION

1.    Plaintiffs New Jersey Work Environment Council ("WEC") and Local 877, International

Brotherhood of Teamsters bring this action to redress Defendant State Emergency Response

Commission's failure to implement effectively the requirements of the Emergency Planning

and Community Right to Know Act, ("EPCRA"), 42 U.S.C. §§ 11001 *et seq.* for meaningful

public access to Emergency Response Plans mandated under 42 U.S.C. § 11044, as evidenced

in particular by the Defendant Linden Local Emergency Planning Committee's complete bar of all public access.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the instant matter under 42 U.S.C. § 11046(a)(1)( c) and 28 U.S.C. § 1331.

3.  Venue is appropriate in this Court under 42 U.S.C. § 11046(b)(1) as the pertinent events have all taken place in this District.

## PARTIES

4.  Plaintiff WEC is a membership alliance of 70 labor, environmental, and community organizations working for safe, secure jobs and a healthy, sustainable environment.  WEC's member organizations represent employees working in chemical plants and chemical terminal and storage facilities, oil refineries, waste water and water treatment operations, fire departments, and hospital emergency rooms, all of whom may be exposed to hazardous chemicals.  These organizations and employees have a demonstrated need to know what to do to protect their co-workers and community members.  WEC's member organizations also represent members of the public who live near the more than 5,000 New Jersey facilities that process or store large quantities of hazardous chemicals.  Many live near the more than ninety (90)  New Jersey facilities using extraordinarily hazardous chemicals, as defined under the New Jersey Toxic Catastrophe Prevention Act, (N.J.S.A. 13:1K-19 *et seq*.).

5.  For more than 30 years, WEC has worked to increase public awareness and use of state and federal chemical right-to-know laws, including EPCRA.  WEC has trained many thousands of workers and community members about their rights under these laws.  WEC has advocated

for many years to ensure information about chemical hazards and appropriate responses to their release is widely understood by the public and that obligations to provide same are effectively enforced.

6.    Plaintiff Local 877 represents more than 600 oil, chemical, and terminal workers at the Bayway Refinery complex, the largest petroleum refining facility east of the Mississippi River, including workers at the Phillips 66 Bayway refinery, the Infineum Chemical Corporation, Eastman Turbo Oil, the Linden Business and Technology Center and the Watco Company terminal.

7.    Plaintiffs WEC and Teamsters Local 877 have a long-standing commitment and history of acting on the proposition that giving the public a clear understanding of the risks of exposures to hazardous chemicals, and what they can do to help protect themselves and their community, is critical for effective emergency planning, preparedness, and prevention.

8.    Defendant New Jersey State Emergency Response Commission ("SERC") was created by Governor Kean's Executive Order #161 in 1987 in response to EPCRA's mandate that each Governor create such a commission, 42 U.S.C. § 11001(a).

9.    Per E.O. 161, the SERC consisted of the present members of the Governor's Advisory Council for Emergency Services, the Commissioner of the Department of Health and the Superintendent of the Division of State Police, who is also the Director of the State Office of Emergency Management.

10.   Rule 19 Defendant City of Linden is a municipal corporation in Union County, New Jersey. The Bayway Refinery complex is located in the City of Linden.

## PRECONDITION OF SUIT

11.     Plaintiffs have duly provided the Defendants, the Administrator of the U.S. Environmental
        Protection Agency and Governor Chris Christie with the 60 Day Notice required by 42
        U.S.C. § 11046(d)(1).

## STATEMENT OF FACTS

12.     EPCRA was passed in 1986 in response to concerns regarding the environmental and safety
        hazards posed by the storage and handling of toxic chemicals.  Increased awareness of these
        hazards was prompted by the 1984 accidental chemical release in Bhopal, India, where an
        accidental release of methyl isocyanate by an American-based corporation killed or severely
        injured more than 10,000 people.

13.     To reduce the likelihood of such a disaster in the United States, Congress mandated certain
        planning activities and requirements for public access for information on federal, state and
        local governments, tribes, and industry.

14.     EPCRA mandates that each State create a state emergency response commission.  42 U.S.C.
        § 11001(a).

15.     As indicated above, by E.O. 161, New Jersey fulfilled this mandate by creating the SERC.

16.     EPCRA additionally requires that each state emergency response commission create a  Local
        Emergency Planning Committee (ōLEPCö) for each Emergency Planning District. 42 U..S.C.
        § 11001(b) and ( c).

17.     Under E.O. 161, each of New Jerseyøs municipalities and counties is mandated to create and
        maintain an LEPC.

18.     The City of Linden is thus required to have an LEPC.

-4-

19.    EPCRA requires that each LEPC create an Emergency Response Plan ("ERP") and review the ERP annually.  42 U.S.C. § 11003(a).

20.    Among the mandatory elements that each LEPC's ERP must have in place in order to respond effectively to a release of toxic chemicals are the following:

a.    Identification of facilities and transportation routes of extremely hazardous substances;

b.    Description of emergency response procedures, on and off site;

c.    Designation of a community coordinator and facility emergency coordinator(s) to implement the plan;

d.    Outline of emergency notification procedures;

e.    Description of how to determine the probable affected area and population by releases;

f.    Description of local emergency equipment and facilities and the persons responsible for them;

g.    Outline of evacuation plans;

h.    A training program for emergency responders (including schedules), and

i.    Methods and schedules for exercising emergency response plans

See https://www.epa.gov/epcra/local-emergency-planning-committees (visited April 6, 2017).

21.    EPCRA requires that "(e)ach emergency response plan . . . shall be made available to the general public, consistent with section 11042 of this title, during normal working hours at the location or locations designated by the Administrator, Governor, State emergency response commission, or local emergency planning committee, as appropriate."  42 U.S.C. § 11044(a).

22.   The Defendant SERC is responsible to assure compliance with the public access requirement set forth in 42 U.S.C. § 11044(a).

23.   Plaintiffs have made numerous requests to the City of Linden and its LEPC for public access to the ERP and for other materials required under EPCRA.

24.   All such requests have been refused, including as recently as April 10, 2017.

25.   EPCRA requires each LEPC provide a notice to the public that it has access to the ERP. Specifically, 42 U.S.C. § 11044(b), entitled "Notice of Public Availability" states that "Each local emergency planning committee shall annually publish a notice in local newspapers that the emergency response plan . . . ha(s) been submitted under this section. The notice shall state that followup emergency notices may subsequently be issued. Such notice shall announce that members of the public who wish to review any such plan . . . may do so at the location designated under subsection (a) of this section."

26.   The City of Linden LEPC has failed to provide the annual public notice required under 42 U.S.C. § 11044(b) for 2014, 2015, and 2016.

27.   Unless required to do so by order of this Court or the SERC, the City of Linden will not provide the annual notice required under 42 U.S.C. § 11044(b) for 2017.

28.   Consistent with its purpose of providing public access to ERPs, EPCRA requires that each LEPC shall establish rules and that "(s)uch rules shall include provisions for . . . public meetings to discuss the emergency plan, public comments, response to such comments by the committee, and distribution of the emergency plan." 42 U.S.C. § 11001 (c).

-6-

29. Despite requests by plaintiffs, the City of Linden's LEPC has refused to hold a public meeting to discuss the ERP, and hence has not received public comments or responded to public comments concerning the ERP.

30. The failures of LEPCs in New Jersey are not limited to the City of Linden's LEPC.  A 2014 survey by Plaintiff WEC found in its report "Danger in the Dark," a true copy of which is annexed as Exhibit A,  that approximately 68 percent of the LEPCs, both municipal and county, surveyed failed to provide any form of public access to the ERPs.

31. After the publication of "Danger in the Dark," Plaintiffs engaged with the SERC in an attempt to have the SERC take effective action to assure the public access to the ERPs as required under EPCRA.

32. The net result of this engagement was that the SERC engaged in a training program of certain LEPCs built around two documents:

    a. A PowerPoint presentation entitled "NJ SERC Guidance to LEPCs Emergency Planning and Community Right to Know Act –  Overview of Requirements for Emergency Response Plans & Public Access," a true copy of which is annexed hereto as Exhibit B; and

    b. A fill-in-the-blank template for an ERP, a true copy of which is annexed hereto as Exhibit C

33. That training program has proved ineffective.

34. As indicated above, subsequent to the SERC's making available Exhibit B and the training, the City of Linden LEPC has

    a. refused Plaintiffs access to its ERP;

-7-

b.     not published the required public notice;

c.     and has failed to hold a public meeting to receive comments on the ERP and hence has not responded to such comments.

35.   In 2016, Plaintiff WEC once again surveyed LEPCs across New Jersey with regard to access to ERPs, the results of which were compiled in its report "Access Denied," a true copy of which is annexed hereto as Exhibit D.

36.   Following the SERC's training, 58% of municipalities, including the City of Linden, and 84% of counties surveyed denied all public access to ERPs.

37.   Plaintiffs have brought to the attention of the SERC, both by the filing of the statutorily 60 day notice and by other means, the failure of various LEPCs, including but not limited to the City of Linden's LEPC, to provide the public access required by 42 U.S.C. § 11044(a) and (b), and §11001(c).

38.   To date, the SERC has failed to take effective steps to implement the public access requirements of 42 U.S.C. § 11044(a) and (b), and §11001(c), including but not limited to the City of Linden's LEPC.

39.   It is thus clear that without appropriate judicial intervention, the SERC's failure to take effective action to assure compliance with EPCRA's requirements for public access, including but not limited to the failure of the City of Linden's LEPC to provide the requisite public access, will continue indefinitely into the future.

**RELIEF REQUESTED**

40.   Plaintiffs repeat all of the foregoing allegations as if fully set forth herein.

41.   **WHEREFORE** Plaintiffs request judgment of Defendants

a.      Declaring that the SERC has failed to comply with the mandates of EPCRA to assure public access, as required by 42 U.S.C. § 11044(a) and (b), and §11001( c), including but not limited to the City of Linden¢s LEPC¢s failure to provide public access to its ERP;

b.      Enjoining the SERC to redress its failure to assure the public access required by 42 U.S.C. § 11044(a) and (b), and §11001(c) such that these violations of EPCRA will not recur including, but not limited to, the ongoing failure of the City of Linden and its LEPC to comply with EPCRA¢s public access requirements;

c.      Awarding Plaintiffs their attorneys fees and costs per 42 U.S.C. § 11046(f); and

d.      Providing such additional relief is fair and just.

Respectfully Submitted

/s David Tykulsker
DAVID TYKULSKER, Esq.
David Tykulsker & Associates
161 Walnut Street
Montclair, NJ  07042
(973) 509-9292 (Telephone)
(973) 509-1181 (Facsimile)
david@dtesq.com

## L.Civ.R. 11.2 CERTIFICATION

I certify that I am not aware of any other court case, arbitration or administrative proceeding involving the matter in controversy herein.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on April 28, 2017.

                                     /s David Tykulsker              
                                     DAVID TYKULSKER, Esq.