UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY WORK ENV'T COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE EMERGENCY RESPONSE COMM'N, *et al.*, <br><br> Defendants. | Civ. No. 2:17-2916 (WJM) <br><br><br> OPINION |

## WILLIAM J. MARTINI, U.S.D.J.:

    Composed of labor and environment-focused community groups, Plaintiffs New Jersey Work Environment Council and Local 877, International Brotherhood of Teamsters ("Plaintiffs") brought this private enforcement action under the citizen-suit provision of the Emergency Planning and Community Right-to-Know Act of 1986 ("EPCRA" or "the Act"), 42 U.S.C. § 11046(a)(1)(C). Plaintiffs allege that New Jersey's State Emergency Response Commission ("SERC") and its members (jointly, "State Defendants"), the City of Linden, New Jersey, and its Local Emergency Planning Committee (jointly, "Linden," and together with State Defendants, "Defendants") failed to make local emergency response plans available to the public. Before the Court are Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court has jurisdiction under 28 U.S.C. § 1331 and decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, State Defendants' motion is **DENIED**, and Defendant Linden's motion is **GRANTED**.

### I.    BACKGROUND

    "EPCRA establishes a framework of state, regional, and local agencies designed to inform the public about the presence of hazardous and toxic chemicals, and to provide for emergency response in the event of a health-threatening release." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 86 (1998); *see* Am. Compl. ¶¶ 14–15, ECF No. 36. Per the Act, Congress directed each state to appoint a SERC. Am. Compl. ¶ 16. Each commission then had to designate emergency planning districts and, for each district, appoint members to a local emergency planning committee ("LEPC"). *Id.* ¶ 18. Through executive order, New Jersey's governor created SERC and directed each municipality and county to form an LEPC. *Id.* ¶¶ 8, 19. In turn, LEPCs had to prepare emergency response plans ("ERPs"), which, by law, SERC must review. *Id.* ¶ 21; *see* 42 U.S.C. § 11003(a), (e).

Under the Act, State Defendants must "establish procedures" to facilitate public access to, among other documents, ERPs. *Id.* ¶¶ 23–24; 42 U.S.C. § 11001(a). The Act also compels LEPCs to: (1) provide notice to the public of the right to review an ERP, *id.* ¶ 27, and (2) set rules for holding public meetings to receive input, *id.* ¶ 30. For actions hindering public access, private parties may bring a civil action against the Administrator of the United States Environmental Protection Agency, a State Governor, or a SERC. *Id.* ¶ 2 (citing 42 U.S.C. § 11046(a)(1)(C)).

Plaintiffs allege that on multiple occasions, Linden refused Plaintiffs' requests to (1) access the plan, *id.* ¶¶ 25–26, (2) publish notice of the public's right to view it, *id.* ¶ 28, and (3) invite public comment, *id.* ¶ 31. Plaintiffs implored State Defendants to enforce the Act's public access requirements. *Id.* ¶ 33. In response, SERC trained certain LEPCs on ERP content and the Act's public access requirements. *Id.* ¶ 34. Even so, Linden's LEPC continues to refuse Plaintiffs access, provide notice, or invite public comment. *Id.* ¶ 36.

Plaintiffs filed suit against State Defendants over their alleged failure to supervise and coordinate an LEPC's activities, thus ensuring public access. *Id.* ¶¶ 40–41, 43. They ask the Court to declare Defendants in violation of the Act and for an order directing State Defendants to redress the non-compliant LEPCs' failure to make ERPs publicly available. *Id.* ¶¶ 43.a–b.

Defendants seek dismissal, arguing the EPCRA provides Plaintiffs no avenue of relief. State Defs.' Mot. to Dismiss Br. 7–8, ECF No. 44-1 ("State Defs.' Br."). State Defendants argue that even if they failed to provide a mechanism to ensure public availability of information, a private party may only file suit in limited circumstances not present here and that the Act provides no implied private right of action. *Id.* at 8–10, 13–15. Further, State Defendants, along with Linden, point out that under the Tenth Amendment Congress cannot mandate the regulation of a dilatory LEPC. *Id.* at 11–13; Linden's Mot. to Dismiss Br. 3–6, ECF No. 39-1 ("Linden's Br."). Linden then argues its dismissal is warranted because Plaintiffs seek exactly the same type of relief against Linden as well as all other non-compliant LEPCs. Linden's Br. at 6–7.

Plaintiffs respond that State Defendants cannot raise arguments in the pending motion to dismiss that were omitted from its earlier Rule 12(b)(6) motion. Pls.' Opp'n to State Defs.' Br. 1–3, ECF No. 49. Plaintiffs then assert the Court can order State Defendants to enforce the Act's public access mandates. *Id.* at 3–14. As to Linden, Plaintiffs now seek a different path of recovery. Lacking grounds for relief under the EPCRA, Plaintiffs allege a state law claim in its opposition papers. For the first time, Plaintiffs argue the New Jersey Environmental Rights Act ("ERA") provides a direct cause of action to enforce the EPCRA's public access provisions, ensuring full relief. *See* Pls.' Opp'n to Linden's Br. 1–11, ECF No. 45. In reply, Defendants largely reiterate their previous arguments. *See* State Defs.' Reply Br. 1–5, ECF No. 52; Linden Reply Br. 1–3, ECF No. 47. But as to the never-before-seen ERA claim, Linden essentially argues Plaintiffs cannot amend a complaint through allegations made for the first time in a motion to dismiss brief. *See* Linden Reply Br. at 3.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).

## III. DISCUSSION

The Court will address Plaintiffs' procedural argument before discussing whether relief could be granted under the pleaded facts.

### A. Rule 12(g)(2) Does Not Bar State Defendants' Pending Motion

Under Rule 12(g)(2) provides that, subject to two exceptions not relevant here, a party who omits a failure-to-state-a-claim defense in a pre-answer Rule 12(b)(6) motion cannot later assert that defense in a successive motion. *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015). The party may only assert the new defense in a pleading, a motion for judgment on the pleadings, or at trial. *See id.* (citing Fed. R. Civ. P. 12(h)(2)).

Plaintiffs' argument that Rule 12(g)(2) bars State Defendants' pending motion misses the mark. State Defendants previously asserted that the Act and pleaded facts provided no grounds for relief. Besides, prior to ruling on the first motion to dismiss and with State Defendants' consent, Plaintiffs filed the Amended Complaint to correct a shortcoming in the original pleading. That is what triggered the second pre-answer Rule 12 motion. ECF Nos. 34, 36, 44. Further, even if the Court accepted Plaintiffs' argument, State Defendants would then file an answer and would presumably assert the same defenses in a Rule 12(c) motion. Upon briefing the defenses again, the Court would then confront the same questions. That runs contrary to the aim of Rule 12(g)(2) as well as Rule 1's mandate to avoid unnecessary and costly delays. As such, the Court will address the merits of State Defendants' arguments.

### B. Plaintiffs Have Stated an EPCRA Claim Against State Defendants Only

State Defendants concede Plaintiffs can allege an EPCRA claim for failing to provide a mechanism to make ERPs available to the public. State Defs.' Reply Br. at 3–4; *see* 42 U.S.C. §§ 11046(a)(1)(C), 11001(a), (c) (noting SERC and LEPC "shall establish procedures for receiving and processing request from the public for information under section 11044 of this title"); Am. Compl. ¶ 40. But State Defendants argue Plaintiffs cannot seek equitable relief from the Court ordering SERC to supervise and coordinate LEPC activities because that relief is unavailable under the Act's citizen-suit provision. State Defs.' Reply Br. at 3–4; *see* Am. Compl. ¶ 41.

At the motion to dismiss stage, courts ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (quotation marks and citation omitted). It is undisputed

that EPCRA compels SERC to "supervise and coordinate the activities of [its LEPCs],"
42 U.S.C. § 11001(a), and that each LEPC must "complete preparation of an emergency
response plan . . . ." *Id.* § 11003(a). It is also undisputed SERC must then "review the
[ERPs] and make recommendations to the [LEPCs] . . . ." *Id.* § 11003(e). And it is
undisputed that under the Act, ERPs "shall be made available to the general public . . .
during normal working hours at the location or locations designated by the . . . [SERC], or
[LEPC] . . . ." *Id.* § 11044(a).

In addressing a similar question, the Supreme Court held that a challenge to the scope
of the EPCRA's citizen-suit provision is a merits question and one not appropriate for
decision at the Rule 12 stage. *Steel Co.*, 523 U.S. at 92. In addition, the Supreme Court
found district courts could hear private enforcement actions where a plaintiff asserts a
violation enumerated in the EPCRA's citizen-suit provision or "contend[s] that [the citizen-
suit provision] contains a certain requirement." *Id.* at 93. That is the case here.

Based on the *Steel Company* decision, Plaintiffs have stated a claim for relief under the
EPCRA when State Defendants' refused to make Linden's ERP publicly available. Like in
*Steel Company*, it is undisputed the EPCRA permits Plaintiffs the right to challenge actions
hindering public access to ERPs. And like in *Steel Company*, Plaintiffs contend the citizen-
suit provision contains a particular requirement: to allow redress over SERC's failure to
supervise and coordinate LEPC activities. At this stage, whether SERC's supervision
mandate falls outside the ambit of the Act's citizen-suit provision is a question beyond
consideration. *See Steel Co.*, 523 U.S. at 93. As to State Defendants' Tenth Amendment
arguments, the Court will refrain from deciding a constitutional question absent a full
record. *See Hazo v. Geltz*, 537 F.2d 747, 751 (3d Cir. 1976) (collecting Supreme Court
cases). Since it is not "clear that no relief could be granted under any set of facts," Plaintiffs
have sufficiently pleaded the EPCRA claim. *See Hishon v. King & Spalding*, 467 U.S. 69,
73 (1984). The Court will thus "unlock the doors of discovery." *See Ashcroft v. Iqbal*, 556
U.S. 662, 678 (2009).

### C. Plaintiffs Failed to Show Why Linden is a Necessary Party and Have Improperly Alleged the State Law Claim

Plaintiffs predicated their right to access the ERPs of non-compliant LEPCs, like
Linden's, on the theory that Linden must be joined as a "necessary" party under Federal
Rule of Civil Procedure 19(a). Not so. First, Plaintiffs seek relief from State Defendants
alone, arguing Linden's inclusion is necessary "for the sole purpose of effecting complete
relief for the Defendants' failure to assure public access to [ERPs]." Pls.' Opp'n to
Linden's Br. at 2. Second, even if the Court accorded complete relief, it would be
directed against the already named State Defendants since the Act's citizen-suit provision
affords no cause of action against an LEPC. *See* 42 U.S.C. § 11046(a)(1)(C) (authorizing
citizen suits against a State governor, a SERC, or the Federal EPA Administrator); 132
Cong. Rec. H9561-03 (1986) (statement of Rep. Swift) ("None of [the Act's citizen-suit]
provisions provide for suits against [LEPCs]."); *see also Janney Montgomery Scott, Inc.
v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993) ("A Rule 19(a)(1) inquiry is

limited to whether the district court can grant complete relief to the persons already parties to the action"). Plaintiffs have thus failed to show that Linden is a necessary party under Rule 19(a) and to permit leave to amend would be futile. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted).

As to the ERA claim, the Court declines to exercise supplemental jurisdiction. *See* Pls.' Opp'n to Linden's Br. at 6–11. That state law claim appeared nowhere in either the original or amended pleadings. Indeed, Plaintiffs first alleged the ERA claim in its motion papers, running contrary to well-settled law "that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quotation marks and citation omitted).

### IV. CONCLUSION

For the above-stated reasons, State Defendants' motion to dismiss is **DENIED**, and Defendant Linden's motion to dismiss is **GRANTED**. Plaintiffs' Amended Complaint against Defendant Linden is **DISMISSED WITH PREJUDICE**. An appropriate order follows.


*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**


**Dated: October 9, 2018**